| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:05-CR-200-NR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW HLAVAC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

Before the Court is Andrew Hlavac's *pro se* motion to modify conditions of release [68]. For the foregoing reasons, the motion is DENIED without prejudice.

On September 13, 2005, Mr. Hlavac pled guilty to inducing a minor to engage in illegal sexual activity and receipt of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2422(b) and 2252(a)(2). ECF 22. As part of his plea agreement, Mr. Hlavac admitted that he used a computer to commit or promote the commission of those crimes. ECF 22-1, p. 2. The Court accepted the plea, and on December 20, 2005, the Court sentenced Mr. Hlavac to terms of 240 months and 135 months imprisonment to be served concurrently with each other and imposed a lifetime term of supervised release. ECF 40. One condition of Mr. Hlavac's supervised release was that Mr. Hlavac "shall have no access to computers or related equipment." *Id.* at 3.

On July 8, 2022, the Probation Office petitioned the Court to modify Mr. Hlavac's supervised release to permit him to serve the first six months of his release at a residential re-entry center. ECF 66. The request listed "no internet access" as

one of Mr. Hlavac's conditions of release. *Id.* The Court granted that petition [ECF 67], and Mr. Hlavac began serving his supervised release term on July 28, 2022.

Mr. Hlavac now moves the Court to modify the conditions of his supervised release to permit limited access to the internet. He states that he has a "regular need to use monitored computers" in searching for housing, enrolling in his employer's health plans online, using telehealth providers to receive medical care, and performing basic functions at his place of employment. ECF 68, ¶¶ 9-10.

The court has authority to modify the conditions of supervised release any time prior to the expiration or termination of the term of supervised release. 18 U.S.C. § 3583(e)(2). The proponent of a supervised release modification must provide the court with sufficient information to warrant modification of the terms of supervised release. *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018).

Whether to modify a term of supervised release rests in the court's discretion. *Id.* The court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Additionally, before modifying the conditions of supervised release, the court must hold a hearing where the person seeking modification must have the right to counsel and an opportunity to make a statement and present any information to the court; however, a hearing is not required if the defendant waives a hearing, or the relief sought is favorable to the person and does not extend the term of supervised release and the government received notice of the relief sought and does not object. Fed. R. Crim. Pro. 32.1(c). No hearing is required if the court dismisses the motion and provides a detailed explanation for its decision. *United States v. Gayton*, No. 13-102, 2020 WL 5646080, at *3 (M.D. Pa. Sept. 22, 2020).

The Court has reviewed Mr. Hlavac's motion, the government's response, and the Probation Office's recommendation. Considering the parties' positions and reviewing the section 3553 factors, the Court finds that the modification Mr. Hlavac

seeks is not appropriate at this time. The Court agrees with Mr. Hlavac that technology has advanced exponentially since the time of Mr. Hlavac's sentencing, but the Court does not believe the limited computer access he did have in prison [ECF 68, ¶ 7] would have adequately prepared him for the realities of modern computing under his supervised release. Mr. Hlavac's crimes were serious, and a ban on access to the internet not only reflects the seriousness of those crimes but ensures the public's continued protection from any further crimes of this nature by Mr. Hlavac. Additionally, Mr. Hlavac has not provided the Court with sufficient information to assess the full extent of his internet access, or whether adequate non-internet alternatives exist that would permit him to accomplish the tasks he describes in his motion.

The continued enforcement of the "no internet" condition of supervised release will provide the Probation Office with time to teach Mr. Hlavac how to safely use the internet.[1] At the end of this learning period (and no less than six months from the date of this order), Mr. Hlavac may again move to modify the conditions of his supervised release with a detailed explanation of his specific and limited purposes for using the internet, his training with the Probation Office in how to safely use the internet, and whether and to what extent non-internet alternatives would permit him to accomplish his tasks. If Mr. Hlavac so chooses to seek this relief, he should attempt to first obtain the recommendation of the Probation Office.

****

Accordingly, it is hereby **ORDERED** that Mr. Hlavac's motion to modify the conditions of his supervised release is **denied without prejudice**. This is without

---

[1] To the extent Mr. Hlavac uses the internet in connection with the Probation Office's training, the Court will not consider him to have violated the conditions of his supervised release.

prejudice to Mr. Hlavac to move to modify the conditions of supervised release six months (or more) from today, consistent with the terms of this order.

DATED: September 29, 2022   BY THE COURT:

         /s/ *J. Nicholas Ranjan*
         United States District Judge